UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shyamal Ghosh,<br><br>                              Plaintiff,<br><br>-against-<br><br>New York City Housing Authority, et al.,<br><br>                              Defendants. | 25-cv-04509 (AT) (SDA)<br><br>**OPINION AND ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a Letter Motion by defendants New York City Housing Authority ("NYCHA"), Kerri Jew, Nicole Van Gendt, Abiodun Oluwa, Jamie Maffeo, Allison McLean, Karen Moye, Nickcole Rivera and Juan Goris (collectively, "Defendants") seeking a stay of discovery pending the decision on Defendants' motion to dismiss the Complaint. (Defs.' 8/14/25 Ltr. Mot., ECF No. 33.) Also before the Court is a Letter Motion by *pro se* plaintiff Shyamal Ghosh ("Plaintiff" or "Ghosh") for leave to file a sur-reply. (Pl.'s 9/12/25 Ltr. Mot., ECF No. 45.) For the following reasons, the Court GRANTS both Letter Motions.

## BACKGROUND

Ghosh has been employed by NYCHA since July 2002. (Compl., ECF No. 1, at PDF p. 5.) In his Complaint in this action, Ghosh alleges that he "has repeatedly been denied promotions and lateral transfers in favor of less qualified individuals outside his protected categories of race, national origin, and age." (*Id.*)

In June 2021, Ghosh filed suit in New York state court against NYCHA alleging, among other things, that NYCHA had discriminated against him. (2021 NY State Compl., 21-CV-06139

ECF No. 1-1.) That suit later was removed to this Court (Not. of Removal, 21-CV-06139 ECF No. 1), and amended pleadings were filed, the latest of which was a 400-page Revised Amended Complaint with attachments ("RAC"). (RAC, 21-CV-06139 ECF No. 23.) In the RAC, Ghosh asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq.* and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107 *et seq.*, seeking redress for employment discrimination based on age, race and/or national origin, and retaliation arising from the complaints of discrimination that Ghosh made to NYCHA's Human Resources department in 2006, to NYCHA's Department of Equal Opportunity in 2011 (and on several occasions thereafter) and to the New York City Commission on Human Rights in 2017. (*See* RAC ¶¶ 47, 58, 65-76.)

NYCHA filed a motion to dismiss the prior suit, and Magistrate Judge Moses recommended that the RAC be dismissed, pursuant to Federal Rule of Civil Procedure 8(a)(2), for failure to plead a short and plain statement and, in the alternative, that Ghosh's federal claims be dismissed, pursuant to Rule 12(b)(6), and that his state claims be dismissed without prejudice for want of subject matter jurisdiction. *See Ghosh v. New York City Hous. Auth.*, No. 21-CV-06139 (AT) (BCM), 2023 WL 3612553, at *1 (S.D.N.Y. Feb. 27, 2023). Judge Moses found that Ghosh's federal claims were largely time-barred and that Ghosh failed to plausibly allege federal discrimination or retaliation claims. *Id.* at *9-12.

Ghosh failed to file any objections to Judge Moses' recommendations and they were adopted by District Judge Torres. *See Ghosh v. New York City Hous. Auth.*, No. 21-CV-06139 (AT)

2

(BCM), 2023 WL 3746617 (S.D.N.Y. Mar. 20, 2023).[1] Accordingly, Judge Torres dismissed the prior suit. *See id*. at * 1.

In May 2025, Ghosh commenced the instant action against NYCHA and certain of its employees,[2] alleging discrimination and retaliation claims under Title VII, ADEA, 42 U.S.C. § 1983 and the NYCHRL. (*See* Compl. at PDF p. 14.) In the Complaint in this action, Ghosh takes issue with rulings made in the prior suit, including that the Court misapplied the pleading standard and that the Court erred by failing to apply the continuing violation doctrine, such that the claims should not have been found to be time-barred. (*See id*. at PDF pp. 12-14.) In addition, Ghosh alleges in the Complaint that there has been a pattern of discrimination at NYCHA since 2006. (*See id*. at PDF p. 5, 14.)

On August 14, 2025, Defendants filed a motion to dismiss the Complaint in this action. (Defs.' 8/14/25 Mot., ECF No. 30.) In their moving memorandum, Defendants argue, among other things, that some of Ghosh's claims are barred by res judicata because of the decisions in the prior suit and that many of the claims are time-barred. (*See* Defs.' 8/14/25 Mem., ECF No. 32, at 11-14.)

Also on August 14, 2025, Defendants filed their Letter Motion to stay discovery that now is before the Court. (*See* Defs.' 8/14/25 Ltr. Mot.) In their Letter Motion, Defendants note the broad scope of discovery sought by Ghosh. (*See id*. at 2 (citing ECF No. 26 at p. 4-5 (requesting "full discovery of all RS vacancy disposition records, internal hiring communications, and interview materials from 2006 through 2025"; "all internal communications, memoranda, notes,

---

[1] An appeal of the dismissal presently is pending in the U.S. Court of Appeals for the Second Circuit.

[2] The individual defendants named in this action are employees of NYCHA. (*See* Compl. at PDF pp. 2-4.)

or directives that explain: Why NYCHA's Office of Diversity, Equity and Inclusion (ODEI) terminated the EEO investigation into Plaintiff's prior complaints (from 2017 forward)"; "All internal HR/Legal/ODEI correspondence referring to Plaintiff since 2016")).)

On August 19, 2025, Ghosh filed a submission in opposition to Defendants' motion to dismiss. (Pl.'s 8/19/25 Opp., ECF No. 37.) In his submission, Ghosh supports his retaliation claims by referring to events that occurred as early as 2006. (*See id*. at PDF pp. 5-6.)

On September 9, 2025, Defendants filed their reply memorandum. (Defs.' 9/9/25 Reply, ECF No. 44.) On September 12, 2025, Ghosh filed a motion for leave to file a sur-reply, arguing that Defendants raised certain matters that were not raised in their motion. (Pl.'s 9/12/25 Ltr. Mot. at PDF p. 1.) Ghosh submitted with such motion his sur-reply memorandum. (Pl.'s Sur-Reply, ECF No. 45-1.)

## DISCUSSION

I. **Legal Standards**

Federal Rule of Civil Procedure 26(c) allows a court, for "good cause" and in favor of "any person from whom discovery is sought," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "[U]pon a showing of good cause a district court has considerable discretion to stay discovery" pursuant to Rule 26(c). *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation and quotation marks omitted). The burden of showing good cause for the issuance of a protective order falls on the party seeking the order. *See Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. Appx. 504, 505 (2d Cir. 2011). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from

stereotyped and conclusory statements." *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006) (citations and quotation marks omitted).

"[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72 (citation omitted). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Id*. (citation omitted). "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, No. 3:13-CV-00509 (VLB), 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014) (citations omitted).

II.     **Application**

The Court in its discretion finds that, in the particular circumstances and posture of this case, after considering the relevant factors, a discovery stay is warranted. As noted above, the discovery sought by Plaintiff is quite broad and it would be burdensome on Defendants to respond. There will be no prejudice to Plaintiff since, if the case is not dismissed, Plaintiff can obtain relevant and proportional discovery later. Finally, the pending motion is strong in at least certain respects and likely will result in dismissal of at least some of Plaintiff's claims. Specifically, to the extent that the Complaint in this action is challenging decisions made by Judge Moses and Judge Torres in the prior suit, such challenge will be unsuccessful based upon the doctrine of res judicata. Moreover, it seems clear on the face of the Complaint that certain of the claims are time-barred.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to stay discovery pending the decision on Defendants' motion to dismiss the Complaint (ECF No. 33) is GRANTED.

In addition, especially due to Plaintiff's *pro se* status, Plaintiff's motion for leave to file a sur-reply (ECF No. 45) is GRANTED and the Court will consider such sur-reply in making its recommendations regarding the disposition of Defendants' motion to dismiss.

Dated: New York, New York
October 2, 2025

SO ORDERED.

_____
**STEWART D. AARON**
**United States Magistrate Judge**