UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
SHYAMAL GHOSH,

                    Plaintiff,

          -against-

NEW YORK CITY HOUSING AUTHORITY
("NYCHA"); KERRI JEW, Executive Vice President for
Administration; NICOLE VAN GENDT, Senior Vice
President of Human Resources; ABIODUN OLUWA,
Deputy Director of HA Civil Service; JAMIE MAFFEO,
Attorney, NYCHA Law Department; ALLISON
MCLEAN, Assistant Manager, Marcy Houses; KAREN
MOYE, Neighborhood Administrator; NICKCOLE
RIVERA, Property Manager; JUAN GORIS, Assistant
Property Manager; JOHN DOE, JANE DOE, and JOE
DOE,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    3/3/2026

25 Civ. 4509 (AT) (SDA)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

ANALISA TORRES, District Judge:

On May 27, 2025, Plaintiff *pro se*, Shyamal Ghosh, filed this action against the New York City Housing Authority and several of its officials, alleging violations of various antidiscrimination laws, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. § 621 *et seq.*, 42 U.S.C. § 1983, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq. See* Compl., ECF No. 1, at 1–2, 9–11.  Defendants filed a motion to dismiss on August 14, 2025.  *See* ECF No. 30.  On August 25, the undersigned referred the motion to the Honorable Stewart D. Aaron for a Report and Recommendation ("R&R").  *See* ECF No. 41 (order of referral).

After careful consideration, Judge Aaron issued a Report and Recommendation ("R&R"), recommending that Defendants' motion to dismiss be granted and that Ghosh be granted leave to amend his complaint, except as to those claims which Judge Aaron concluded are time-barred: specifically, (1) Title VII and ADEA claims based upon discrete acts occurring prior to September 22, 2022; (2) 42 U.S.C. § 1983 claims which accrued prior to May 27, 2022; and (3) NYSHRL and NYCHRL claims based on discrete acts occurring prior to October 17, 2020.  *See* R&R at 11, 25–26, 31, 36, ECF No. 54.  Judge Aaron further held that, to the extent Ghosh had causes of action that are not time barred, his complaint failed to sufficiently state his claims.  *See, e.g.*, R&R at 14–16 (holding that Ghosh insufficiently alleged his qualifications and Defendants' discriminatory intent in his Title VII failure to promote claims).

The deadline to object to the R&R was February 17, 2026.  *See* Docket Entry at ECF No. 54; Fed. R. Civ. P. 72(b)(2); ECF No. 3 (signed consent to receive electronic service); R&R at

36–37 (notice of objection deadline).  That deadline has now passed.  Because no objection was made, the Court reviews the R&R for clear error.  *Santiago v. Colvin*, No. 12 Civ. 7052, 2014 WL 1092967, at *1 (S.D.N.Y. Mar. 17, 2014).  The Court finds no clear error in Judge Aaron's thorough and well-reasoned decision.

Accordingly, the Court ADOPTS the R&R in its entirety.  Ghosh's complaint is DISMISSED with leave to amend as specified in the R&R.  *See* R&R at 36.  By **April 2, 2026**, Ghosh may file an amended complaint.

SO ORDERED.

Dated:  March 3, 2026
         New York, New York

_____
ANALISA TORRES
United States District Judge

2